IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID H. CALL,<br><br>          Plaintiff,<br><br>   v.<br><br>FEDERAL AVIATION ADMINISTRATION,<br><br>          Defendant. | No. C 05-00373 SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

On November 10, 2005, defendant Federal Aviation Administration ("FAA") filed a motion for summary judgment, currently scheduled for argument on December 19, 2005. Plaintiff has not filed an opposition. The Court shall determine the motion without oral argument pursuant to Civil Local Rule 7-1(b), and hereby GRANTS defendant's motion.

**BACKGROUND**

This is an action for release of documents under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. On May 23, 2003, plaintiff David H. Call sent a FOIA request to defendant FAA. On October 9, 2003, plaintiff amended his request by narrowing it to request "[a]ll official FAA forms and documents specifically served by the FAA upon officials of EWA [Emery World Airlines] pursuant to 14 C.F.R. § 13.19 (including the notice of proposed certificate action), which directly resulted in EWA's cessation of operations on August 13, 2001." Complaint ¶ 8, Ex. 1. On June 10, 2004, FAA identified 363 pages of documents which it believed were responsive at the time. Complaint ¶ 11. The FAA released to plaintiff 179 "heavily redacted" pages of documents, and withheld a total of 184 documents pursuant to 5 U.S.C. § 552(b)(5). *Id.*

On July 4, 2004, plaintiff filed an administrative appeal regarding the withheld documents. On January

25, 2005, while the administrative appeal was still pending, plaintiff filed a complaint in this Court seeking relief under the FOIA. On November 10, 2005, FAA filed a motion for summary judgment contending that it had erroneously identified documents responsive to Call's request, and that there are in fact no responsive documents. Although plaintiff's counsel were served with defendant's motion, and received electronic copies of the motion papers through the Court's e-filing system, plaintiff did not file an opposition to the motion.

## LEGAL STANDARD

Summary adjudication is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

In a motion for summary judgment, "[if] the moving party for summary judgment meets its initial burden of identifying for the court those portions of the materials on file that it believes demonstrate the absence of any genuine issues of material fact, the burden of production then shifts so that the non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, specific facts showing that there is a genuine issue for trial." *See T.W. Elec. Service, Inc., v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)). In judging evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence, and draws all inferences in the light most favorable to the non-moving party. *See T.W. Electric*, 809 F.2d at 630-31 (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)); *Ting v. United States*, 927 F.2d 1504, 1509 (9th Cir. 1991). The evidence presented by the parties must be admissible. Fed. R. Civ. P. 56(e). Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *See Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

## DISCUSSION

After a review of defendant's motion and supporting declarations, and in light of plaintiff's failure to file

an opposition, the Court concludes that there are no genuine issues as to any material facts and that defendant is entitled to summary judgment. Defendant argues that it discharged its obligations under the FOIA because, through simple human error, the FAA erroneously identified documents as responsive to plaintiff's request when in fact there were none. Defendant has submitted the declaration of Perry A. Kupietz, the FAA's Regional Counsel for the Great Lakes Region. Mr. Kupietz states that the FAA does not have any documents responsive to Mr. Call's October 9, 2003 FOIA request. *See* Kupietz Decl. ¶¶ 4-5. Defendant has also submitted the declaration of Sheila A. Skojec, a senior attorney in the FAA's Litigation Division of the Chief Counsel. Ms. Skojec states although the FAA previously identified documents as within the scope of plaintiff's request, none of them actually were. *See* Skojec Decl., *Vaughn* Index. Based on these declarations, and in light of plaintiff's failure to respond at all, the Court concludes that defendant has submitted undisputed evidence that it complied with its obligations under the FOIA. *See Bowen v. U.S. Food and Drug Admin.*, 925 F.2d 1224, 1227 (9th Cir. 1995).

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS defendant's motion for summary judgment. [Docket No. 23].

**IT IS SO ORDERED.**

Dated: December 9, 2005

SUSAN ILLSTON
United States District Judge